UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DEONDRE JAVQUEEN JENKINS,** § | |
| **TDCJ No. 02118309,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-20-CA-0553-XR |
| § | |
| **BOBBY LUMPKIN,[1] Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Deondre Jenkins's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 2), Respondent Bobby Lumpkin's Answer (ECF No. 11), and Petitioner's Reply thereto (ECF No. 12). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254. Petitioner is also denied a certificate of appealability.

**I. Background**

Petitioner was indicted in Bexar County, Texas, on one count of continuous trafficking of persons alleged to have occurred between February 15, 2012, and December 15, 2013. (ECF No. 10-3 at 7). While the top of the one-page indictment indicated that the defendant in the case was Petitioner, the body of the charging paragraph did not identify Petitioner by name, but rather

---

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

as "defendant." *Id*. For this reason, counsel for Petitioner moved to dismiss the case on the second day of trial, arguing the trial court lacked jurisdiction because the indictment failed to charge a person with the commission of an offense as required under Texas law. (ECF No. 10-8 at 4-7). The trial court denied the motion to dismiss, *Id*. at 7, and Petitioner was later found guilty by the jury and sentenced to twenty-five years of imprisonment. *State v. Jenkins*, No. 2014-CR-8396 (186th Dist. Ct., Bexar Cnty., Tex. Feb. 15, 2017); (ECF No. 10-3 at 141).

On appeal, Petitioner reiterated his argument that the trial court did not have jurisdiction over his case because the indictment did not name "a person" and was thus fatally defective under Texas law. The Texas Fourth Court of Appeals agreed with Petitioner, reversed the judgment of the trial court, and remanded the case with instructions to dismiss the indictment. *Jenkins v. State*, 537 S.W.3d 696, 707 (Tex. App.—San Antonio, Dec. 20, 2017); (ECF No. 10-16). However, the Texas Court of Criminal Appeals (TCCA) granted the State's petition for discretionary review and reversed the judgment of the court of appeals, finding that the indictment, although defective, still met the jurisdictional requirements under Texas law. *Jenkins v. State*, 592 S.W.3d 894 (Tex. Crim. App. Dec. 5, 2018); (ECF No. 10-18). The TCCA also found that Petitioner forfeited the right to object to his indictment on appeal because he did not object to the defective indictment until the second day of his trial. *Id*.

Thereafter, Petitioner challenged his conviction by filing a state habeas corpus application which was eventually denied by the TCCA without written order on May 1, 2019. *Ex parte Jenkins*, No. 85,965-02 (Tex. Crim. App.); (ECF Nos. 10-31, 10-33 at 4-29). Almost a year later, Petitioner initiated the instant federal proceedings. (ECF No. 1 at 10). In his federal petition and supplemental memorandum, Petitioner raises the following allegations: (1) the indictment was insufficient to confer the trial court with jurisdiction, and (2) his trial counsel rendered ineffective assistance by failing to file a timely objection to the indictment.

## II. Analysis

**A.     The Indictment** (Claim 1).

Petitioner first challenges the sufficiency of the indictment against him, arguing the indictment was flawed under federal constitutional principles because it did not give him proper notice of the charges against him. But before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the TCCA, and a prisoner must present the substance of his claims to the TCCA in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

Here, Petitioner thoroughly challenged the sufficiency of the indictment against him during both his direct appeal and state habeas proceedings. Yet, Petitioner never argued that the indictment was defective under federal law. Rather, each of those proceedings focused exclusively on whether the indictment failed to confer jurisdiction to the trial court under relevant state law principles. Because the federal law allegation is being presented for the first time in this federal habeas proceeding, it is unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). As the record demonstrates, Petitioner failed to exhaust state court remedies with regard to the instant allegation. Should the Court now require Petitioner to return to state court to satisfy the exhaustion requirement, however, the TCCA would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by Petitioner, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas review of the instant claim unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). Petitioner fails to make either showing. Thus, to the extent Petitioner's first claim argues the indictment against him was defective under *federal* constitutional principles, circuit precedent compels the denial of the claim as procedurally defaulted.

To the extent Petitioner maintains that the defective indictment deprived the trial court of jurisdiction under *state* law principles, he still fails to raise a cognizable claim for federal habeas relief. The sufficiency of a state indictment is not a matter for federal habeas relief unless it can

4

be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Evans v. Cain,* 577 F.3d 620, 624 (5th Cir. 2009). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). As such, this Court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id*. at 69 (citations omitted). The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation omitted).

Here, Petitioner's claim concerning the sufficiency of the indictment was presented to the TCCA in the State's petition for discretionary review. (ECF No. 10-20 at 8). The TCCA subsequently affirmed the judgment of the trial court, finding that the indictment, although defective, was still an indictment that vested the trial court with jurisdiction because it contained enough information (including Petitioner's name) such that it gave Petitioner sufficient notice that he was being charged with the felony offense of continuous trafficking of persons. (ECF No. 10-18 at 2-3). Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review. *Wood*, 503 F.3d at 412.

**B.     Trial Counsel (Claim 2).**

Petitioner next contends that his trial counsel rendered ineffective assistance by failing to object to the defects in his indictment prior to the start of his trial. Because counsel did not object to the indictment until the second day of trial, the TCCA found that Petitioner forfeited the right to raise the objection on appeal. (ECF No. 10-18 at 15). According to Petitioner, the trial

court would have sustained any objection to the indictment had counsel filed it sooner, or, at the very least, he would have been able to challenge the denial of his objection on appeal.

Petitioner admits his ineffective assistance of trial counsel (IATC) claim has not been raised in his previous state court proceedings. (ECF No. 2 at 9). Thus, for the reasons discussed in the previous section, the claim is unexhausted and procedurally defaulted—thus barring federal habeas relief on the claim—unless Petitioner can demonstrate cause for the default and actual prejudice arising from the default, or demonstrate the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Petitioner makes no attempt to show a "fundamental miscarriage of justice" will result from the Court's dismissal of the claim. Instead, Petitioner cites the Supreme Court cases of *Martinez v. Ryan*[2] and *Trevino v. Thaler*[3] to establish that the alleged ineffectiveness of his trial counsel constitutes cause to overcome the default. But as discussed below, Petitioner fails to make this showing as well.

In *Martinez*, the Supreme Court carved out a "narrow" exception to the procedural default of IATC claims. *Trevino*, 569 U.S. at 422. Now, a petitioner may meet the cause element by showing (1) in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective, and (2) "that his [IATC claim] is substantial—i.e., has some merit." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). An IATC claim is insubstantial if the claim "does not have any merit" or is "wholly without factual support." *Reed v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Martinez*, 566 U.S. at 15-16).

Petitioner was not represented by counsel at the initial collateral review proceeding. Nevertheless, he cannot overcome the procedural default of his IATC claim because the claim is

---

[2]   566 U.S. 1 (2012).

[3]   569 U.S. 413 (2013).

insubstantial.  Petitioner argues the results of his proceeding would have been different had counsel lodged a timely objection because either (1) the trial court would have granted the objection and dismissed the indictment, or (2) the trial court would have been found to have abused its discretion on appeal if it denied the motion.  But as the record in this case indicates, neither of these statements is true.  To start, while counsel's motion was found to be untimely by the trial court, the record shows that the court addressed the merits of the motion as well:

> THE COURT:   All right.  I have reviewed the indictment.  I believe it adequately contains the Defendant's name and adequately gives notice and I overrule the motion, which I understand to be a motion to the jurisdiction or in the alternative, motion to quash the indictment.  I'll overrule both of those.

(ECF No. 10-8 at 6-7).  Thus, contrary to Petitioner's assertion, there is no indication that the trial court would have granted a motion to quash the indictment had it been filed a few days sooner.  Indeed, it appears Petitioner would have been in no different position had counsel filed a motion to quash the indictment prior to the beginning of Petitioner's trial—the motion would most likely still have been denied by the trial court.

Furthermore, there is no indication that the trial court would have abused its discretion in denying the motion had it been filed earlier.  Quite the opposite, the TCCA concluded that the indictment, while defective for not identifying Petitioner by name in the charging section, still conferred jurisdiction to the trial court because "the charging instrument, as a whole, gave [Petitioner] adequate notice that the indictment intended to charge him with a felony[.]"  (ECF No. 10-18 at 15).  Because the indictment, although defective, still met the jurisdictional requirements under state law, the trial court would not have erred in denying a motion to quash no matter when it was filed.  As such, Petitioner was not prejudiced by counsel's failure to lodge an objection sooner.  Petitioner's IATC claim is therefore insubstantial and does not help him overcome the procedural default under *Martinez* and *Trevino*.  Relief is denied.

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that both claims raised by Petitioner are unexhausted and procedurally barred from federal habeas review. To the extent Petitioner's first allegation is not procedurally barred, it also fails to raise a meritorious claim for federal habeas corpus relief. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Deondre Jenkins's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 18th day of March, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE